IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SARAH ROE, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> LINDA HOWARD AND ESTATE OF ) <br> RUSSELL HOWARD, ) <br> ) <br> *Defendants.* ) <br> ) | Civil Action No. 1:16-cv-562 <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion for Attorneys' Fees. Dkt. 111. The motion is fully briefed. On June 17, 2019, the Court ordered Plaintiff to produce specific evidence as to local prevailing hourly rates for attorneys of similar skill and for similar work as was required in this case. Dkt. 135. Plaintiff submitted responses based on relevant case law and an affidavit of a local, independent attorney with applicable knowledge and experience. Dkts. 136, 137. The Court dispensed with oral argument because it would not aid in the decisional process.

### I. Background

After a four-day jury trial, Plaintiff prevailed on all counts when the jury found Defendant liable for violating the Trafficking Victims Protection Act (TVPA). The jury awarded Plaintiff $1 million in compensatory damages and $2 million in punitive damages. Defendant appealed the verdict and certain of the District Court's holdings, and the Court of Appeals for the

1

Fourth Circuit affirmed this Court's rulings on February 25, 2019. Dkt. 131; *Roe v. Howard*, 917 F.3d 229 (4th Cir. 2019).

## A. <u>Entitlement to Fees</u>

Under the TVPA, "[a]n individual who is a victim of a violation of [the TVPA] may bring a civil action against the perpetrator . . . and may recover damages and reasonable attorneys fees." 18 U.S.C.A. § 1595(a). Thus, following the jury's finding that Defendant violated the TVPA, Plaintiff is entitled to attorneys' fees.

## II. Analysis

When shaping an award of attorneys' fees, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). To do this, the court considers the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.* ("the *Johnson* factors":

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

488 F.2d 714, 717–19 (5th Cir. 1974); *see also Robinson*, 560 F.3d at 243-44. Although each factor is persuasive, the court need not consider each of them individually because they all are "subsumed" into an analysis of what constitutes a reasonable rate and number of hours expended. *Smith v. Loudoun Cty. Pub. Sch.*, 2017 WL 176510 at *2 (E.D. Va. Jan. 17, 2017).

Having determined the reasonable number of hours and the reasonable rate, courts move to a second step to "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). Finally, the court "award[s] some percentage of the remaining amount, depending on the degree of success enjoyed." *Id.*

A. **Lodestar Calculation**

*1. Reasonable Rates*

The reasonable rate for attorney's fees is determined based on the "prevailing market rates in the relevant community factoring in any required skill or experience." *Burke v. Mattis*, 315 F. Supp. 3d 907, 913 (E.D. Va. 2018). The moving party is required to produce evidence to support a proposed market rate. *See Tech Systems, Inc. v. Pyles*, 2013 WL 4033650, *6 (E.D. Va., Aug. 6, 2013). The fee applicant bears the burden of establishing the reasonableness of a requested rate by submitting specific evidence. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

Courts in this district have considered the ranges set out in the *Vienna Metro* Matrix when awarding attorneys' fees. *See infra* note 1; *Vienna Metro LLC v. Pulte Home Corp.*, No. 10-cv-502 (E.D. Va. Aug. 24, 2011) ($505-820, 20+ years of experience; $520-770, 11-19 years; $465-640, 8-10 years; $350-600, 4-7 years; $250-435, 1-3 years; $130-350, paralegal). *Vienna Metro*, however, merely provides guidance in this district, as it was developed nearly ten years ago. *See Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228 (4th Cir. 2009) ("[P]revious awards in the relevant marketplace [can be] a barometer for how much to award counsel in the immediate case. But, an hourly rate appropriate ten years ago, arbitrarily adjusted with no regard to the facts of the case or the lodestar factors, is not necessarily appropriate today.") (internal and additional citations omitted). Thus, a rate that is "appropriate

3

under the [] *Vienna Metro* Matrix," may be modified based on application of the *Johnson* factors. *Burke*, 315 F. Supp. 3d at 913. Courts in this district have found the *Vienna Metro* rates to be appropriate in some complex cases, and simply a starting point for the fee consideration in others.[1]

Here, Plaintiff seeks reasonable compensation for her counsel, comprising attorneys and litigation support from Jones Day. The proposed hourly rates are $550.00 for partners and of counsel, $350.00 for associates, $250.00 for legal interns, and $150.00 for staff.

The $550.00 proposed rate for Partners and Of Counsel in this case is supported by the overall experience and reputation of the legal team, including a leadership role in the firm's global Anti-Human Trafficking Task Force. All proposed attorney rates (Partners, Of Counsel, and Associates) are likewise commensurate with attestations of local, comparable attorneys both associated with and independent from this litigation. *See, e.g.*, Dkt. 137, Reilly Decl. (affirming the proposed attorney rates as consistent with and well within a reasonable range).[2] A member

---

[1] *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 234 F. Supp. 3d 760, 770-73 (E.D. Va. 2017), *vacated on other grounds by* 881 F.3d 293 (4th Cir. 2018) (finding the *Vienna Metro* matrix rates reasonable and applying them); *Burke v. Mattis*, 315 F.Supp.3d 907, 914 (E.D. Va. 2018) ($450, more than 20 years of experience; $375-85, 6 years, lead counsel; $370, 6 years; the Court declined to apply *Vienna Metro* to the highest rate, and the $450 is a reduction from $563); *Hair Club for Men, LLC v. Ehson*, No. 1:16-cv-236, 2017 WL 1250998 (E.D. Va. April 3, 2017) ($547.50, 22 years of experience; $540, 26 years; $435, 9 years; $262.50, 2 years; $288.75, 3 years; $157.50-$266.25 for paralegals) (*Hair Club for Men* indicates rates with a 25% reduction for lack of complexity; the table in the opinion indicates further-reduced rates based on a 15% flat reduction of the total; the rates listed here are before the flat reduction); *United States ex rel. Cody v. ManTech Int'l Corp.*, No. 116-cv-132, 2017 WL 5146019, at *3 (E.D. Va. Aug. 30, 2017) ("$490 for partners and of counsel, $270 for associates, and $145 for law clerks."); *Taylor v. Republic Services, Inc.*, No. 1:12-cv-523, 2014 WL 325169, *4-5 (E.D. Va. Jan. 29, 2014) ($550-600, attorney with 29 years of experience; $545, 11 years; $475, 14 years; $425, 9 years; $400, 17 years; $375-400, 6 years; $325, 3 years; $135-250 for paralegals).
[2] Craig C. Reilly is an independent attorney with nearly forty years' relevant experience; he is the creator of the *Vienna Metro* Matrix.

of Plaintiff's legal team with 33 years of experience also attests to the proposed fees as well within the standard in this market for cases of this type and complexity. Dkt. 112-1 ¶¶ 6-7.

The $250.00 hourly rate proposed for Legal Interns is not as well-supported. Rates for paralegals and litigation support staff vary by case, and the Court generally adjusts rates based on years of experience. Case complexity is a consideration as well. For instance, in *Innovation Sciences v. Amazon.com*, this Court recently found that paralegal rates of approximately $200-250.00 were warranted. The five paralegals had 15, 16, 17, 25, and 28 years of experience, respectively. In addition, a significant portion of that case was "exceptional" within the meaning of 35 U.S.C. § 285. The instant matter was, indeed, a demanding litigation, and the $150.00 Staff rates are reasonable. But the Legal Interns, despite valuable and ongoing legal training, had neither a license to practice law nor any significant experience. Accordingly, the Court reduces the requested rate from $250 to $175.

Finally, Plaintiff's proposed rates are generally justified by the *Johnson* factors. The first two factors are germane. The time and labor required by this novel case with an international reach were each extensive. The case also brought up difficult and rarely-litigated areas of law as well as sophisticated questions of statutory interpretation. The fifth and ninth factors favor Plaintiff as well, as Plaintiff's attorneys work at a well-respected, international law firm, brought considerable litigation and international law experience to the case, and are requesting rates far below what they typically bill clients. In fact, per factor six, Plaintiff's attorneys took the case despite lacking any expectation of payment – they charged Plaintiff nothing for their services, instead simply reserving the right to seek attorneys' fees if successful. Because of the complex and sensitive issues in this case, and the unlikelihood that Plaintiff's attorneys would be paid, the

case was arguably undesirable to the legal community under the tenth factor. Considered in totality, the *Johnson* factors favor attorney compensation.

Plaintiff is correct that Defendant fails to challenge any individual proposed rate, instead attacking the overall total requested award.[3] As such, the Court is not compelled to adjust the rate for each individual so long as the rate is reasonable.[4] Based on relevant case law, lack of experience, and the Craig Reilly Declaration, the Court finds a downward adjustment appropriate as to the legal interns. For these reasons, having considered the totality of the circumstances in light of the implicated *Johnson* factors, as well as the prevailing market conditions of this forum, the Court finds the following rates to be reasonable:

| Name | Position | Years' Experience | Requested Rate* | Reasonable Rate |
|---|---|---|---|---|
| Marshall | Partner | 20+ | $550.00 | $550.00 |
| Vergonis | Partner | 20+ | $550.00 | $550.00 |
| DeLorme | Partner | 20+ | $550.00 | $550.00 |
| Ruttenberg | Partner | 20 | $550.00 | $550.00 |
| Legg | Of Counsel | 16 | $550.00 | $550.00 |
| Brabant | Associate | 13 | $350.00 | $350.00 |
| Gingell | Associate | 6 | $350.00 | $350.00 |
| Dunlap Kang | Associate | 5 | $350.00 | $350.00 |
| Bamberger | Associate | 5 | $350.00 | $350.00 |
| Lim Patterson | Associate | 4 | $350.00 | $350.00 |
| Rubenstein | Associate | 3 | $350.00 | $350.00 |
| Kang | Associate | 2 | $350.00 | $350.00 |
| Reaves | Associate | 2 | $350.00 | $350.00 |
| Gupta | Associate | 2 | $350.00 | $350.00 |
| Pagliarella | Associate | 2 | $350.00 | $350.00 |
| Salinas | Associate | 1 | $350.00 | $350.00 |
| Edelman | Associate | 1 | $350.00 | $350.00 |

---

[3] Which, using the rates in one section of Plaintiff's brief, might have been lower. Dkt. 112 at 6.
[4] This includes those individuals Plaintiff identifies as slight outliers in their categories.

| Name | Position | Years' Experience | Requested Rate* | Reasonable Rate |
|---|---|---|---|---|
| Edwards | Associate | 1 | $350.00 | $350.00 |
| Sampson | Legal Intern | N/A | $250.00 | $175.00 |
| Redmond | Legal Intern | N/A | $250.00 | $175.00 |
| Hall | Legal Intern | N/A | $250.00 | $175.00 |
| Cheretis | Legal Intern | N/A | $250.00 | $175.00 |
| Elgin | Legal Intern | N/A | $250.00 | $175.00 |
| Herguner | Legal Intern | N/A | $250.00 | $175.00 |
| Hammer | Legal Intern | N/A | $250.00 | $175.00 |
| Li | Legal Intern | N/A | $250.00 | $175.00 |
| Ferry | Staff** | N/A | $150.00 | $150.00 |
| Liddell | Staff | N/A | $150.00 | $150.00 |
| Peterson | Staff | N/A | $150.00 | $150.00 |
| James | Staff | N/A | $150.00 | $150.00 |
| Polson, Jr. | Staff | N/A | $150.00 | $150.00 |
| Weaver | Staff | N/A | $150.00 | $150.00 |
| Shipley | Staff | N/A | $150.00 | $150.00 |
| Gatchalian | Staff | N/A | $150.00 | $150.00 |
| Phillips | Staff | N/A | $150.00 | $150.00 |

* The Requested Rate in this table is the Court's best interpretation of Plaintiff's actual proposal. There are three sources of requested rates before the Court, and all three are different. On page 2 of the brief (Dkt. 112), Plaintiff cites $550, $375, $250, $200. In the table on page 6, Plaintiff cites $550, $350, $200, $150. In Exhibit B to this brief, the table suggests $550, $350, $250, $150. To complicate this further, the table on page 6 displays $200 as the Legal Intern rate, but the sum total next to it appears to be calculated with a rate of $250. The Court believes this is in good faith, and not a practical joke, and thus finds the Requested Rates here to be those intended.
** "Staff" as used in the table refers to all litigation assistance positions provided by Plaintiff's counsel, including, "Paralegal," "Litigation Support," "Legal Assistant," "Research Librarian," and "Imaging Services Assistant."

*2. Reasonable Hours*

Defendant argues Plaintiff's attorneys overstaffed this case and billed for an excessive number of hours. Upon review of the bill, the Court disagrees. While many attorneys worked on the case, some of them cycled on and off the case so a reasonable number of attorneys were working on the case at any given time. Further, while Plaintiff's attorneys did spend a

7

considerable amount of time, this case dealt with sophisticated issues and warranted this amount of time for the reasons stated above. The billing entries are for appropriate tasks and are sufficiently detailed for the Court to review.

Additionally, Plaintiff's attorneys voluntarily and significantly reduced the billable hours reported. Plaintiff did not bill for expanded trial hours that resulted from having two associates on the trial team. Relatedly, Plaintiff reduced the total hours included in the calculation. *See* Dkt. 112 at 2 (requesting 2,664 hours out of 3,179 actual hours). The Court is unpersuaded by Defendant's argument that the Defendants' prior case, *Doe v. Howard*, Civil Action No. 1:11-cv-1105 (E.D. Va. 2012), should have simplified this litigation. That case included a default judgment and a one-day bench trial for damages, Mr. Howard as a co-defendant, and a different set of facts in a different country. The instant case warranted its own thorough preparation, which Plaintiff undertook.

As such, the Court adopts the table of hours as presented in Plaintiff's brief, bringing the totals by category to: Partners/Of Counsel, 437.75 hours; Associates, 1768.25 hours; Legal Interns, 291 hours; Staff, 167.5 hours. Dkt. 112 at 8 (referenced with table at 6).[5]

### B. Reductions to the Lodestar Figure Based on Unsuccessful Claims

Plaintiff received a jury verdict awarding $3 million in damages, and success on all counts. Given Plaintiff's success—and the affirmation at the Fourth Circuit—the eighth *Johnson* factor does not call for further reduction. Therefore, the Court does not find an additional reduction appropriate and declines to apply one.

---

[5] The table on page 6 of the brief indicates 437 hours for Partners and Of Counsel, though the table on page 8 adds up to 437.75. The total of 437.75 comes from the more particularized numbers on page 8.

## C. Final Award Based on Degree of Success

Multiplying Plaintiff's requested hours by Plaintiff's attorneys' respective billing rates yields the following totals:

$240,762.50 for Partners and Of Counsel ($550 x 437.75);

$618,887.50 for Associates ($350 x 1768.25);

$50,925.00 for Legal Interns ($175 x 291); and

$25,125.00 for Staff ($150 x 167.5).

The Court finds this aggregate sum is the proper fee award: $935,700.00.

## III. Conclusion

For the above reasons, Plaintiff's Motion for Attorneys' Fees, Dkt. 112, is **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $935,700.00. Judgment shall enter by separate order pursuant to Federal Rule of Civil Procedure 58.

It is **SO ORDERED.**

March 20, 2020  
Alexandria, Virginia

Liam O'Grady  
United States District Judge